PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $30,480.00 IN U.S. CURRENCY,<br><br>          Defendant. | 2:19-MC-00085-WBS-DB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On October 1, 2018, agents with the Drug Enforcement Administration ("DEA") contacted Juan Bennito Graham ("Graham" or "claimant") at the Sacramento International Airport in Sacramento, California.  Approximately $30,480.00 in U.S. Currency ("defendant currency") was seized from Graham during this encounter.

2.      The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 19, 2019, the DEA received a claim from Graham asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on October 1, 2018, agents with the DEA received information regarding suspicious travel by Graham, including the timing and manner of his ticket purchase.  Law enforcement agents responded to the terminal, observed

Graham exit the flight and head towards the baggage claim area.  Prior to contacting Graham in the baggage claim area, agents located Graham's checked luggage in the outdoor baggage drop-off area associated with Graham's incoming flight. Agents instructed the drug detection dog to perform an off-leash search of Graham's luggage.  The drug detection dog alerted to Graham's luggage.

4.      The United States represents that it could further show at a forfeiture trial that the agent placed the checked luggage on the baggage carousel and proceeded to watch Graham retrieve it. Agents approached Graham and informed him that a drug detection dog showed some interest in his luggage he had just taken off the carousel. Agents asked Graham for consent to search his luggage and he agreed. Agents found what appeared to be a wad of cash concealed amongst an item of clothing. Agents asked Graham how much currency he was traveling with and he stated "About $1,000.00." Agents ultimately found several wads of cash concealed amongst items of clothing within the luggage and again asked Graham how much currency he was traveling with.  Graham stated he had about two to three thousand dollars. Agents informed Graham that it appeared to be well more than two to three thousand dollars and Graham again changed his answer, now stating that he had "$5,000.00." At this point, Graham became agitated and agents asked if they could continue their conversation in a more private area of the airport. After approximately 15 minutes of Graham yelling and causing a disturbance in the terminal, he eventually agreed to accompany and agents to a more private location in the airport.

5.      The United States represents that it could further show at a forfeiture trial that once in the private room law enforcement continued the search of Graham's luggage and found approximately 30 rubber band-bound stacks of cash in apparent $1,000.00 increments, all of which were concealed within socks, shoes, and pants pockets within the luggage. Graham continued to be extremely agitated stating he didn't know what was going on because he had won all the money from gambling in Cleveland. Agents asked Graham the source of the currency and Graham stated that he was a "Rapper." Agents also asked Graham if he had ever been arrested in the past and Graham repeatedly stated that he had not.  Law enforcement confirmed criminal history for Juan Grahan (aka: Dwayne Carter) that includes arrests for violation of state drug law in 2001, drug trafficking in 2002, drug trafficking in 2003, possession and trafficking of drugs in 2006, felony drug trafficking in 2007, felony drug trafficking in 2008, and felony drug trafficking in 2011.

6.      The United States represents that it could further show at a forfeiture trial that a drug detection dog alerted to the smell of narcotics on the cash seized from Graham's luggage.

7.      The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.      Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Juan Bennito Graham hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11.      The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.      The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.      Upon entry of the Consent Judgment of Forfeiture, $16,480.00 of the Approximately $30,480.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.      Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $14,000.00 of the Approximately $30,480.00 in U.S. Currency shall be returned to claimant Juan Benito Graham through his attorney Carlos K. Johnson.

4.      Claimant hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542.

5.      No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.      All parties will bear their own costs and attorney's fees.

7.      Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  December 30, 2021

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4